HEARD APRIL TERM, 1873.

## REEDER *vs.* SPEAKE.

Equity has jurisdiction of a bill by the creditor of an insolvent estate against the executor and devisee for an account of the assets, and to subject the land to the payment of the debt, and, in such case, there need be no judgment at law, and return of *nulla bona* on the execution, before filing the bill.

It is only where the creditor has plain and adequate remedy at law, and there is no suggestion of insolvency or of other debts, or other equitable ground of relief, that the Court will refuse to entertain the bill.

BEFORE MOSES, J., AT NEWBERRY, SPRING TERM, 1871.

The original bill was filed, in this case, in 1868, by Mary Reeder against John L. Speake and Rebecca Speake. It was, in form, a creditor's bill, and alleged that, on the 21st day of May, 1860, George Speake, deceased, gave to plaintiff his sealed note for $1,648, payable December 25th, 1861, and died shortly afterwards, leaving a last will and testament, a copy of which was exhibited with the bill; that the will was admitted to probate; that John L. Speake qualified as executor and took possession of the estate of the testator; that he allowed Rebecca Speake, the widow of the testator, to take possession of a tract of land devised to her by the testator, and some personal property of the estate; that the executor has failed to pay the debts of testator as directed by the will; that the

debt due to the plaintiff is unpaid, and that the executor has declared the insufficiency of the assets in his hands for the payment of the same.

The bill prayed that the defendant, John L. Speake, may be required to account for his administration of the estate; that any balance due by him be applied to the payment of the debts, and that the land devised to the defendant, Rebecca Speake, be applied to the same purpose.

The first clause of the will directed that the just debts of the testator be paid by his executor out of the first money that shall come into his hands; by the second clause he devised and bequeathed to his widow, for life, the tract of land mentioned in the bill, and some slaves and other personal estate; and by the last clause he appointed the defendant, John L. Speake, executor. It bore date May 26th, 1860.

The defendants, by their answers, admitted the allegations of the bill, and stated that the testator died in July, 1861; that his estate was amply sufficient for the payment of all his debts, which were very inconsiderable as compared with the value of the assets; but was now insufficient to pay the plaintiff's debt for which the testator was liable as surety, and the defendant, John L. Speake, stated that the plaintiff's debt was the only one that had not been paid.

In July, 1868, an order was made requiring the creditors of testator to establish their demands.

Mary Reeder died in 1868, and James J. Reeder, as her administrator, filed a bill of revivor, and the defendants, by their answer to the bill of revivor, submitted that the Court was without jurisdiction, on grounds which are stated in the opinion of this Court.

The Circuit Judge sustained the objection to the jurisdiction, and made a decree dismissing the bill.

The plaintiff appealed.

*Baxter*, for appellant.

*Garlington & Suber, Caldwell, Fair, Pope and Pope*, contra.

May 16, 1873. The opinion of the Court was delivered by

MOSES, C. J. This is a creditor's bill, not only in form, but effect, for an order was passed almost immediately upon the filing of the answers, without any objection on the part of the respondents, calling in the creditors of the testator, George Speake. It

was not then supposed that the Court was without jurisdiction in the premises, because the plaintiff had full and adequate remedy at law. No such exception was submitted. The cause abated by the death of Mary Reeder, and it was not until a bill of revivor was filed by James J. Reeder, her administrator, and the said John L. Speake and Rebecca C. Speake were required to respond to it, that the plea was interposed. The inducements which led to its recourse are found in the answer of the respondents to the bill of revivor. It therefrom appears that a practice had sprung up in the Courts of law, since the filing of the answers to the original bill, "to render verdicts for only a fractional part of debts contracted previous to the late war, and the Judges of the Circuit Courts have so far recognized the justice of such course as to direct juries so to find." And the respondents submit, "that their testator was only a surety on the said note, and, therefore, as they conceive, entitled to the full benefit of at least the usual discount. Therefore these defendants say, by way of plea, that the demand of the complainant is unjust and unconscionable, and should be removed from this honorable Court to the Court of Common Pleas, there to be assessed according to its true value by a jury of the country." The avowal of the true reason for the objection to the hearing of the said cause by the Court of Equity, however creditable to the candor of the parties who make it, is not calculated to attract to their defense any more favor than that to which they are entitled by the strict enforcement of the principles applicable to their plea to the jurisdiction of the Court. They surely do not recommend themselves to any special grace, if it were ever competent for a Court to indulge in such dispensation, by claiming to be remitted to another tribunal, which, in the face of law and justice, would refuse to the creditor the one-half of his just and undisputed demand. This arbitrary and speculative mode of dealing with the rights of parties finds no sanction in law, and certainly none in morals.

That a creditor has no right to come into equity until he has exhausted his legal remedy against his debtor is true, as a general rule, but Courts of Equity, from their earliest institution, so far as we are informed by their history, have entertained proceedings on behalf of creditors claiming demands, not only against insolvent estates, through an account from their personal representatives, but where difficulties would attend the enforcement of judgments at law, or where a multiplicity of suits would be prevented through

the interposition of a case in equity, where the rights of all parties, creditors and heirs, or devisees and legatees, would be settled and concluded. To require the creditor of a decedent to obtain return of *nulla bona* on an execution against the executor or administrator before he could call for an account in the Court of Equity and claim its interference against the descended or devised real estate would exact a barren form, productive of, and ending in, nothing but costs and expense. If the appellant had proceeded to judgment at law against the executor, and levied on the land of the testator, he would have thereby acquired no preference over any other creditor of his class. Mr. Story, in his work on Equity Jurisprudence, Section 546, sets forth the ordinary relief sought in Equity by creditors, and in Section 547 he says : " The more usual course, however, pursued in the cases of creditors is for one or more creditors to file a bill, (commonly called a creditor's bill,) by, and in behalf of him, or themselves, and all other creditors who shall come in under the decree, for an account of the assets and a due settlement of the estate." The jurisdiction proceeds upon the principle that " equality is equity." In the case where the relief has been refused, it is either where there is no suggestion that the estate is insolvent, nor averment of any other creditor save the particular plaintiff. Even if the bill could not be regarded as on behalf of creditors seeking an account of the executors, with a view to the payment of the debts of the testator, there are other principles involved in it which would entitle it to the consideration of a Court of Equity. Apart from the express trust which is impressed upon the executor by the direction of the will as to the payment of the debts, and which would render him amenable to that Court for its execution, the necessity of an account in favor of Rebecca C. Speake, if she should be forced to surrender the land, devised to her, for the payment of the debts of the testator, would be a good ground of equitable jurisdiction. A circuity and multiplicity of suits would thus be avoided, and all the questions affecting not only the creditors, but the devisees, could be adjudicated in one case by a form particularly adapted, by its mode of procedure, to their ready and prompt solution.

The motion is granted, the decree of the Circuit Judge set aside, and the case remanded to the Circuit Court for Newberry County.

*Wright,* A. J., and *Willard,* A. J., concurred.